UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:22-cr-226-CEH-JSS

BRETT JEFFREY COULTER

**SENTENCING MEMORANDUM**

The United States of America respectfully submits this Sentencing Memorandum for the Sentencing of the Defendant, Brett Jeffrey Coulter. For the reasons stated below, the United States respectfully requests that the Court sentence Defendant to 13 months in prison, to be followed by the statutory maximum term of 3 years of supervised release. The United States also requests that the Court impose the following special conditions of supervised release: mandatory mental health treatment, no contact with victim "T.N.," and search and seizure, as requested by the Probation Office.

Looking to the "nature and circumstances of the offence," 18 U.S.C. § 3553(a)(1), the Defendant's false statements in an attempted firearm purchase are a serious offense. The Defendant well knew that he had been repeatedly hospitalized for having serious mental illness, and yet he lied about that mental health history in order to purchase a firearm. *See* PSI ¶ 12. Indeed, as the Defendant admitted to the Probation Officer, he was involuntarily hospitalized on at least five occasions in the past. *Id.* ¶

53. Fortunately, the Defendant's lie was caught before he could obtain a firearm, and further harm was avoided.

The Defendant's "history and characteristics" further support a sentence within the Guidelines' range. To be sure, the Defendant suffers from serious mental illness. But his refusal to take medication and follow doctors' orders has resulted in a history of hospitalization and dangerous behavior. For example, the arrest in this case resulted from the Defendant's campaign of threats and harassment against a U.S. Congressman – whom he had never met – because the Congressman used an eyeball emoji in a social media post. *Id.* ¶¶ 28-30. Based on this post, the Defendant researched and purchased the Congressman's private cell phone number and left multiple messages threatening to "fucking kill" the Congressman. The Defendant's harassing behavior toward the Congressman continued even after he was interviewed by law enforcement about his threats.

And this incident was not the first time that the Defendant's mental illness caused him to lash out. As the PSI reflects, in August of 2021, the Defendant was arrested for assaulting his mother, shoving her against a wall, and punching her in the left side of the head twice, with a closed fist. *Id.* ¶ 35. These charges were later dropped. *Id.* And the Defendant currently has pending charges relating to online stalking and threatening behavior against another individual, which involved him "sending threatening messages" to the victim. *Id.* ¶ 37. The Defendant is also currently subject to a protective order for threatening to kill victim "A.L.," and has a history of stalking and harassing women. *Id.* ¶¶ 49-50. At least one woman stated that the Defendant

followed her into a movie theater, sat next to her in the movie, followed her to the bathroom, and then lied to the police about the incident. *Id.* ¶ 50. Indeed, in the Defendant's own words, approximately ten women and several men "have gone to the police about [him]." *Id.* ¶ 49. The Defendant's attempted purchase of a firearm is substantially more concerning when viewed in light of his history of threats of violence and harassing behavior.

A substantial sentence within the Guidelines range is further necessary to protect the public from further crimes of the Defendant. *See* 18 U.S.C. § 3553(a)(2)(A). In prison, the Defendant is currently taking medication for schizophrenia. *See* PSI ¶ 56. When unmedicated and not following a doctor's orders, the Defendant poses a serious risk to himself, his family, and the public. Providing additional time in prison, during which the Defendant can be monitored and cared for by mental health providers, and a substantial term of supervised release, during which the Defendant will be required to comply with his mental health treatment or face re-incarceration, will help to ensure that the Defendant is following his doctor's orders, thus reducing the risk that the Defendant poses to the public.

For all of these reasons, the United States respectfully requests that the Court sentence the Defendant to 13 months in prison, to be followed by the statutory maximum term of 3 years of supervised release. The United States also requests that the Court impose the following special conditions of supervised release: mental health treatment, no contact with victim "T.N.," and search and seizure, as requested by the Probation Office.

ROGER B. HANDBERG
United States Attorney

*s/Daniel J. Marcet*

Daniel J. Marcet
Assistant United States Attorney
Florida Bar No. 0114104
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
Email: DMarcet@usa.doj.gov

**U.S. v. Brett Jeffrey Coulter Case No. 22-cr-226**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Sam Landes, AFPD

By: /s/ Daniel J. Marcet

Daniel J. Marcet
Assistant United States Attorney
Florida Bar No. 0114104
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Daniel.Marcet@usdoj.gov