**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA** | **Case Number: 8:22-cr-226-CEH-LSG**

**v.** | **USM Number: 04222-510**

**BRETT JEFFREY COULTER** | **Ryan Maguire, AFPD**

# JUDGMENT IN A CRIMINAL CASE
## For Revocation of Supervised Release

The Defendant admitted guilt to violation charge numbers One and Two of the term of Supervised Release. Accordingly, the Court has adjudicated that the Defendant is guilty of these violation charge numbers:

| Violation Charge Number | Nature of Violation | Violation Ended |
|---|---|---|
| One | Failure to notify the probation officer within 72 hours after being arrested or questioned by a law enforcement officer in violation of condition nine of the standard conditions of supervision (Grade C Violation) | On or before July 25, 2025 |
| Two | Failure to follow the instructions of the probation officer in a violation of condition 13 of the standard conditions of supervision (Grade C Violation) | As of March 3, 2026 |

The Defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the Defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and

special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the Defendant shall notify the court and United States Attorney of any material change in the Defendant's economic circumstances.

Date of Imposition of Sentence:

March 31, 2026

Charlene Edwards Honeywell
CHARLENE EDWARDS HONEYWELL
UNITED STATES DISTRICT JUDGE

March 31, 2026

**Brett Jeffrey Coulter**
**8:22-cr-226-CEH-LSG**

## IMPRISONMENT

The Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **SIX (6) MONTHS**.

The Defendant is remanded to the custody of the United States Marshal to await designation by the Bureau of Prisons.

**Brett Jeffrey Coulter**
8:22-cr-226-CEH-LSG

## RETURN

I have executed this judgment as follows:

____________________________________________________________

____________________________________________________________

____________________________________________________________

____________________________________________________________

The Defendant delivered on ____________________ to __________________________

at ________________________________________________, with a certified copy of this judgment.

__________________________________
UNITED STATES MARSHAL

By:________________________________
Deputy U.S. Marshal

**Brett Jeffrey Coulter**
**8:22-cr-226-CEH-LSG**

## SUPERVISED RELEASE

Upon service of the sentence herein, the Defendant shall be on supervised release for a term of **ONE (1) YEAR**.

The Defendant shall report to the probation office in the district to which the Defendant is released within 72 hours of release from custody of the Bureau of Prisons.

## MANDATORY CONDITIONS

1. The Defendant shall not commit another federal, state, or local crime.
2. The Defendant shall not unlawfully possess a controlled substance.
3. The Defendant shall refrain from any unlawful use of a controlled substance. The Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - The above drug testing condition is suspended, based on the court's determination that Defendant poses a low risk of future substance abuse.

The Defendant shall comply with the standard conditions that have been adopted by this court (set forth on the attached page).

The Defendant shall also comply with the additional conditions on the attached page.

Page 6 of 8

**Brett Jeffrey Coulter**
**8:22-cr-226-CEH-LSG**

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, the Defendant shall comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by Probation Officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. The Defendant shall report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the Probation Officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the Probation Officer about how and when the Defendant shall report to the Probation Officer, and the Defendant shall report to the Probation Officer as instructed.
3. The Defendant shall not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the Probation Officer.
4. The Defendant shall answer truthfully the questions asked by your Probation Officer
5. The Defendant shall live at a place approved by the Probation Officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), the Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer in advance is not possible due to unanticipated circumstances, the Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.
6. The Defendant shall allow the Probation Officer to visit you at any time at your home or elsewhere, and the Defendant shall permit the Probation Officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. The Defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the Probation Officer excuses you from doing so. If you do not have full-time employment the Defendant shall try to find full-time employment, unless the Probation Officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), the Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer at least 10 days in advance is not possible due to unanticipated circumstances, the Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.
8. The Defendant shall not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, the Defendant shall not knowingly communicate or interact with that person without first getting the permission of the Probation Officer.
9. If you are arrested or questioned by a law enforcement officer, the Defendant shall notify the Probation Officer within **72 hours**.
10. The Defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The Defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the Probation Officer determines that you pose a risk to another person (including an organization), the Probation Officer may require you to notify the person about the risk and the Defendant shall comply with that instruction. The Probation Officer may contact the person and confirm that you have notified the person about the risk.
13. The Defendant shall follow the instructions of the Probation Officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. Probation Officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:__________________________ Date:_______________________

**Brett Jeffrey Coulter**
**8:22-cr-226-CEH-LSG**

## SPECIAL CONDITIONS OF SUPERVISED RELEASE

1. Defendant shall participate in the Home Detention program for a period of 60 days. During this time, Defendant will remain at his place of residence except for employment and other activities approved in advance by the probation office. Defendant will be subject to the standard conditions of Home Detention adopted for use in the Middle District of Florida, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the probation office. Further, Defendant shall be required to contribute to the costs of these services not to exceed an amount determined reasonable by the probation office based on his ability to pay.

2. Defendant shall participate in a mental health treatment program (outpatient and/or inpatient) that focuses on personal relationship counseling and follow the probation officer's instructions regarding the implementation of this court directive. Further, Defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

3. Defendant shall submit to a search of his person, residence, place of business, any storage units under his control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition. Failure to submit to a search may be grounds for revocation.

4. Defendant shall have no contact, direct or indirect, with the victim from the original offense, T.N., or the victims in the alleged stalking incidents, A.S., A.F., or R.J.